Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6076 | **DATE** | 1/23/2003 |
| **CASE TITLE** | REGINALD WILEY vs. CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the City's Rule 12(b)96) motion to dismiss is granted and the section 1983 fair trial due process claims plaintiff asserts against both defendants are dismissed with prejudice. The Court declines to exercise its supplemental jurisdiction over plaintiffs' state-law claims, which are dismissed without prejudice to refiling in state court. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 2 7 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REGINALD WILEY, )
)
Plaintiff, )
)
v. ) No. 02 C 6076
) Paul E. Plunkett, Senior Judge
CITY OF CHICAGO and )
BRODERICK JONES, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Reginald Wiley has sued the City of Chicago and Broderick Jones under both state and federal law for having wrongfully prosecuted him. The City of Chicago has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the 42 U.S.C. § ("section") 1983 claim asserted against it. For the reasons set forth below, the motion is granted.

### Facts

On January 9, 2000, defendant Jones, who is a Chicago police officer, arrested plaintiff and caused him to be charged with a crime. (Compl. ¶ 5.) Jones fabricated the evidence on which the arrest was based, but concealed that fact from the prosecutors. (Id. ¶¶ 5-6.) On July 8, 2002, all charges against plaintiff were dismissed. (Id. ¶ 7.)

Jones was able to engage in this wrongful conduct because of the City's deliberate indifference to the fabrication of evidence by its police officers. (Id. ¶ 8.) Plaintiff says that the City's conduct violated his Fourteenth Amendment due process rights and seeks damages in excess of $100,000.00.

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

### Federal Claims

Section 1983 provides redress for constitutional deprivations that occur at the hands of certain government actors. 42 U.S.C. § 1983. To state a viable section 1983 claim against the City, plaintiff must allege that he was deprived of a constitutional right pursuant to one of the City's customs or policies. Id.; Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

The City does not contest plaintiff's "policy" allegations, but says that he has not adequately alleged that he was deprived of a constitutional right. At base, the City says, plaintiff alleges that he was prosecuted without probable cause, conduct that the Seventh Circuit has said is not actionable under section 1983. See Newsome v. McCabe, 256 F.3d 747, 750-51 (7th Cir. 2001) (stating that the

"effective holding" of Albright v. Oliver, 510 U.S. 266 (1994) is that prosecution without probable cause violates due process if it deprives the plaintiff of "an adequate opportunity to defend himself in [a] criminal prosecution," but is actionable under section 1983 only if state post-deprivation remedies are inadequate); see also Penn v. Harris, 296 F.3d 573, 576 (7th Cir. 2002) (quoting Newsome for the proposition that "there is no constitutional right not to be prosecuted without probable cause.") (internal quotation marks and citation omitted).

Though malicious prosecution itself is not actionable under section 1983, the conduct underlying that label – suppression of exculpatory evidence, subornation of perjury and the like – is actionable if it violates a substantive constitutional right, like the due process right to a fair trial. Penn, 296 F.3d at 576; Newsome, 256 F.3d at 752. Plaintiff contends that his allegations state a claim for violation of his fair trial rights, even though he was never actually tried.

The Court disagrees. Nearly thirty years ago, the Seventh Circuit said that the due process clause does not "provide broad generalized protection against misdeeds by police or prosecution." Christman v. Hanrahan, 500 F.2d 65, 67 (7th Cir. 1974). Rather, the court said, "the mission of the clause [is] avoidance of an unfair trial to the accused, and no violation . . . result[s] unless the misconduct [has] some prejudicial impact on the defense." Id. Thus, the court held that the due process clause was not violated by the prosecution's unsuccessful attempt to conceal exculpatory evidence because the delay in disclosure, though reprehensible, "did not prejudice the defense." Id. at 68.

Our court of appeals reaffirmed this view of due process in Hensley v. Carey, 818 F.2d 646 (7th Cir. 1987). The plaintiff in that case had been arrested on a variety of criminal charges, largely on the strength of the victim's line-up identification. The charges were later dropped when the

-3-

victim recanted the identification. Plaintiff filed a section 1983 action against the police officers who ran the line-up, claiming that it was unduly suggestive and, as a result, violated his due process rights.

The Seventh Circuit rejected plaintiff's argument that an improper line-up, by itself, violates due process:

> [The Supreme Court cases] establish a rule which bars the admission of unreliable evidence at trial. The rule against admission of evidence from unnecessarily suggestive lineups is a prophylactic rule designed to protect a core right, that is the right to a fair trial, and it is only the violation of the core right and not the prophylactic rule that should be actionable under § 1983.

Id. at 649. Even if the line-up were suggestive, the court said, the identification evidence did not deprive him of his right to a fair trial because he was never tried. Id. at 649. Thus, the court concluded, plaintiff did not have a viable section 1983 claim. Id.

Plaintiff does not allege that he was tried for the charges on which he was arrested. In fact, in his response to the City's motion, he admits that the "charges were dismissed before trial." (Pl.'s Mem. Opp'n Mot. Dismiss at 3.) That admission dooms his section 1983 fair trial due process claims against both the City and, though he did not file a motion to dismiss, defendant Jones.

The Seventh Circuit's opinion in Whitley v. Siebel, 613 F.2d 682 (7th Cir. 1980) does not dictate a different result. Whitley is a section 1983 false arrest case that was analyzed under the rubric of due process. Id. at 684. In the Whitley court's view, a police officer who procured arrest authority through deliberate misrepresentations violated the plaintiff's right not to be seized without due process of law. Id. at 686. The case says nothing, however, about whether such conduct violated his due process right to a fair trial.

-4-

Plaintiff's reliance on Jones v. City of Chicago, 856 F.2d 985 (7th Cir. 1988) is similarly misplaced. In that case, a young man who had been wrongfully arrested and jailed, but was never tried, sued the City and various police officers under section 1983 for false arrest, false imprisonment and malicious prosecution. In the course of its opinion, the court said:

> [A]t some point after a person is arrested, the question whether his continued confinement or prosecution is unconstitutional passes over from the Fourth Amendment to the due process clause. . . . But the causal inquiry is unchanged. If police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors . . . to confine or prosecute him.

Id. at 994. That statement suggests that police misconduct that occurs after an arrest and results in continued wrongful confinement, i.e., malicious prosecution, can form the basis of a section 1983 due process claim, even if the victim's fair trial rights are not impaired.

But that reading of Jones cannot survive Newsome, which holds that malicious prosecution, to the extent it violates due process at all, is not actionable under section 1983. Newsome, 256 F.3d at 750-52. After Newsome, a person who is wrongfully arrested can file a section 1983 Fourth Amendment claim contesting his arrest and the resulting confinement, and one whose fair trial rights are violated by police misconduct after the arrest can file a section 1983 Fourteenth Amendment claim. Id. at 751-52. But someone who is unlawfully arrested, does not file a timely Fourth Amendment claim and is never tried, cannot contest his pre-trial detention on the theory that the police officers' failure to tell the prosecutor about their misconduct deprived him of liberty without due process of law. Id. at 750-51. That is precisely what plaintiff is attempting to do here, an effort

that cannot succeed in this circuit.[1] Plaintiff's section 1983 due process claims, therefore, must be dismissed.

### State Claims

Having dismissed the only federal claims in this lawsuit, the Court declines to exercise its supplemental jurisdiction over plaintiff's state-law claims. See 28 U.S.C. § 1367(c)(3) (stating that court may decline to exercise supplemental jurisdiction over state claims if it has "dismissed all claims over which it [had] original jurisdiction").

### Conclusion

For the reasons set forth above, the City's Rule 12(b)(6) motion to dismiss is granted and the section 1983 fair trial due process claims plaintiff asserts against both defendants are dismissed with prejudice. The Court declines to exercise its supplemental jurisdiction over plaintiffs' state-law claims, which are dismissed without prejudice to refiling in state court. This is a final and appealable order.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

**DATED:** /-23-03

---

[1] The out-of-circuit cases cited by plaintiff suggest that his claim might succeed elsewhere, but that does not change the result of this case.